■ ATLANTIC COAST FIREPROOFING, INC., Respondent, v J. GREANEY CONSTRUCTION CORP., Defendant, and RELIANCE INSURANCE COMPANY OF NEW YORK, et al., Appellants and Third-Party Plaintiffs-Appellants. NEW YORK SURETY COMPANY, Third-Party Defendant-Respondent. [666 NYS2d 149] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered June 14, 1996, *inter alia,* granting plaintiff material supplier's motion for summary judgment and awarding it the principal amount of $31,000 and denying defendants-appellants' cross motion for summary judgment, and order, same court and Justice, entered May 19, 1997, which *inter alia,* denied defendants-appellants' motion to vacate such order and judgment for lack of subject matter jurisdiction, unanimously affirmed, with costs.

Plaintiff's sufficient showing of its entitlement to payment

under its construction contract was unrebutted, and defendant failed to avail itself of the opportunity to obtain disclosure that might have shed light on this issue. The motion court correctly found that the subject labor and material payment bond, which contains no reference to State Finance Law § 137, does not state that it was issued pursuant to the requirements of the public entity, and clearly reflects the assumption of obligations broader than those required by statute, was a common-law bond (*see, Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225). Thus, defendant's obligation extended to a broad contractual scope of claimants not restricted to parties in privity with the contractor or its subcontractor, was not subject to the statutory notice of claim requirement and was governed by the longer limitations period set forth in the bond. Vacatur of the judgment was properly denied because the bankruptcy removal merely enjoined the parties from proceeding in Supreme Court and did not divest it of jurisdiction (*see, Matter of Pacor, Inc. v Higgins*, 743 F2d 984, 989; *compare, Matter of Artists' Representatives Assn. [Haley]*, 26 AD2d 918).

We have considered appellant's other contentions and find that they do not warrant a different result. Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.